J-S02013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS MADISON | : | |
| | : | |
| Appellant | : | No. 2357 EDA 2017 |

Appeal from the PCRA Order July 10, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0007654-2010

BEFORE:  BOWES, J., NICHOLS, J., and RANSOM, J.*

MEMORANDUM BY BOWES, J.:                         **FILED JUNE 18, 2018**

Dennis Madison appeals *pro se* from the July 10, 2017 order dismissing his PCRA petition as untimely.  We affirm.

We glean the facts giving rise to the underlying convictions from the preliminary hearing transcript and the guilty plea colloquy.  Shortly before midnight on September 1, 2009, Kymeen Bennett was shot and killed while he was standing next to the open window of a truck occupied by Michael Lane on Tenth Street near the intersection with Booth Street in Chester City, Pennsylvania.  He sustained multiple gunshot wounds to the back of the head.  Mr. Lane located his firearm and returned fire.  He identified Appellant, whom he had known for more than fifteen years, as the shooter, and stated that was wearing a black hoodie and black jeans and holding a semi-automatic weapon.  Mr. Lane saw two other persons with Appellant, but he could not identify them.

* Retired Senior Judge Assigned to the Superior Court.

Near the victim's body, police found three 9mm shell casings, consistent with Mr. Lane's weapon. On the corner of Tenth and Booth Streets, the investigators located twelve 7.62 shell casings, which are typically fired from assault weapons, and twelve .22 caliber shell casings. This evidence was submitted for ballistics analysis.

One week later, Detective Eugene Solgeugene III, of the Wilmington Delaware Police Department, was conducting a search of a house at 510 East Ninth Street in Wilmington. Kevin Martin was present at the time of the search. Police recovered several firearms, including a .22 caliber JC Higgins rifle that ballistics linked to the .22 caliber shell casings found at the scene of the Chester City homicide. Thereafter, Mr. Martin gave a tape-recorded statement to police in which he implicated himself and Appellant in the shooting, and identified Appellant as the shooter. There was a third person involved, whom he knew only as Appellant's cousin, but who was identified later as Amir Tucker. Martin's statement confirmed Mr. Lane's account of the shooting. A criminal complaint was filed charging Appellant, Martin, and Tucker with criminal homicide, criminal conspiracy, and other related offenses, and warrants issued for their arrest.

Appellant and Martin were scheduled for a joint trial. Appellant filed a motion to suppress his oral and written statements to police, as well as a photographic identification. Co-defendant Martin filed a motion to suppress the .22 rifle that was obtained pursuant to search warrant and connected through ballistics to the homicide herein. At a hearing on August 8, 2011,

all motions were either withdrawn or denied. Appellant's counsel moved to sever his case from co-defendant Martin's case based on the **Bruton**[1] issue presented by his statement implicating Appellant. The court intimated that Martin's statement would be redacted to remove all references to Appellant, but did not formally rule on the severance motion.

On September 30, 2011, Appellant entered a negotiated guilty plea to third-degree murder and criminal conspiracy to commit murder, and the agreed-upon sentence of seventeen and one-half years to forty years in prison was imposed.[2] Appellant did not file a post-sentence motion nor seek to withdraw his plea. He did not file a direct appeal.

Almost two years later, on July 2, 2013, Appellant filed a motion for reconsideration of his sentence, which was denied as untimely by order dated that same day.[3] Appellant filed a *pro se* PCRA petition on November 10, 2016, which was treated as his first petition. Counsel was appointed. In lieu of an amended petition, counsel prepared and served upon Appellant a

_____

[1] **Bruton v. United States**, 391 U.S. 123 (1968) (precluding admission at joint trial of co-defendant's confession implicating defendant as violative of defendant's Sixth Amendment right of confrontation).

[2] Sixteen charges, including first-degree murder and conspiracy to commit first-degree murder, and numerous firearm violations, were *nolle prossed* as part of the negotiated plea.

[3] This untimely motion for reconsideration should have been treated as a PCRA petition, and counsel should have been appointed to file an amended petition. We note, however, that even that petition was facially untimely.

no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*), and filed an application to withdraw as counsel. On June 16, 2017, the PCRA court, following review of counsel's no-merit letter, granted counsel's application to withdraw, and issued notice to Appellant of its intent to dismiss his petition without a hearing in twenty days.

Appellant filed objections to the proposed dismissal, and alleged that, after filing his *pro se* petition, he "uncovered potentially exculpatory after-discovered evidence which was unavailable to Petitioner during his trial, by means of a signed unsworn affidavit from Petitioner's co-defendant, Keith Martha, which in essence, outlines recantation testimony and exonerate[s] Petitioner of any involvement in the incident in question."[4] Defendant's Objections to the Commonwealth's Notice of Intent to Dismiss PCRA Petition Without a Hearing, 6/30/17, at 1-2. He averred that this newly-discovered fact was discovered in June 2017. Appended to his Objections was an "Unsworn Affidavit" purportedly signed by Kevin Martha, in which the affiant stated that his statements implicating Appellant were false, that they were made in retribution for Appellant's involvement with Kevin Martha's

---

[4] Appellant's co-defendants were Kevin Martin and Amir Tucker. In his Objections, Appellant referred to his co-defendants as "Keith Martha" and "Kevin Martha." It is unclear from the record if that person is Kevin Martin, although Kevin Martin was Appellant's co-defendant, and he made statements to police that implicated Appellant.

girlfriend, and that Appellant was not with him or involved in the shooting. Appellant asserted that this affidavit from his co-defendant recanting his prior statement constituted a newly-discovered fact for purposes of the timeliness exception.

On July 10, 2017, the PCRA court dismissed Appellant's petition without a hearing. Appellant timely appealed and complied with the court's order directing him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the PCRA court issued its opinion. Appellant presents four issues for our review:

(A) Did the PCRA err in denying [Appellant's] PCRA petition where he sought to withdraw his guilty plea on the basis that trial counsel failed to review and explain all of the elements of the crimes for which he pled guilty to; and whether the lower court erred by stating the [Appellant] should plead guilty rather than risk receiving a life sentence absent defense counsel's objection?

(B) Whether [Appellant's] PCRA [petition] should be granted under the newly discovered evidence exception to the statutory time bar?

(C) Whether PCRA counsel was ineffective for failing to amend [Appellant's] pro se PCRA petition to include a witness's recantation of a statement made to police that implicated [Appellant] as the assailant in this crime.

(D) Whether the lower court abused its discretion when it impermissibly relied on the charges as an aggravated factor, and failed to consider mitigating factors and imposed an aggregated sentence of 17 1/2 to 40 years in which were manifestly excessive under the circumstances.

Appellant's brief at 4.

In reviewing the denial of PCRA relief, we must determine "whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Holt**, 175 A.3d 1014, 1017 (Pa.Super. 2017). Preliminarily we must determine, however, whether the PCRA petition is timely, as that affects our jurisdiction. **See Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1267-68 (Pa. 2008). A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). The one-year time bar can "only be overcome by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)—(iii)." **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017). "Questions regarding the scope of the statutory exceptions to the PCRA's jurisdictional time-bar raise questions of law; accordingly, our standard of review is *de novo*." **Commonwealth v. Robinson**, --A.3d--, 2018 PA Super 109 (Pa.Super. 2018) (*en banc*) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 n.1 (Pa. 2006)).

Appellant's judgment of sentence became final on Monday October 31, 2011, when the thirty-day period for seeking direct review expired. Thus, any PCRA petition, in order to be timely, had to have been filed within one year of that date, or by October 31, 2012. Appellant's petition herein, filed more than four years later, is patently untimely. Therefore, unless Appellant has pled and proved an exception to the time-bar, he is not entitled to relief. Those exceptions are:

> (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition seeking to invoke one of these three exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant avers that his PCRA petition is timely under the exception for newly-discovered facts. As such, he was required to establish that the fact upon which he based his claim was unknown to him and that he could not have discovered it earlier with the exercise of due diligence. He provided an "Unsworn Affidavit" from someone identified as Keith or Kevin Martha, who supposedly participated in the crime. The affiant represented therein that he implicated Appellant in statements he made to police, but that he was recanting those statements and exculpating Appellant.

The PCRA court addressed the affidavit and rejected Appellant's characterization of it as recantation testimony, noting that since Appellant pled guilty, the affiant did not testify. The court cited *Commonwealth v.*

*Sattazahn*, 869 A.2d 529 (Pa.Super. 2005), for the proposition that the newly-discovered facts exception is for facts unknown to the petitioner, and that could not have been ascertained with the exercise of due diligence. The PCRA court characterized the affiant's retraction as "a newly discovered or newly willing source for previously known facts[,]" not newly-discovered facts. PCRA Court Opinion, 8/30/17, at 4 (citing *Commonwealth v. Marshall*, 947 A.2d 714 (Pa. 2008). Moreover, the court concluded that Appellant made no showing of due diligence. Thus, he could not avail himself of the exception, and his petition was untimely.

The record supports the PCRA court's finding that the newly-discovered facts exception did not render Appellant's petition timely. This Court recently reiterated in *Commonwealth v. Shannon*, --A.3d-- , 2018 PA Super 94 *14 (Pa.Super. 2018), that to fall within the timeliness exception for newly-discovered facts, "the factual predicate of the claim must not be of public record and must not be facts that were previously known but are now presented through a newly discovered source." Moreover, while "there need not be a direct connection between the newly-discovered facts and the claim asserted[,]" "the statutory language in 42 Pa.C.S. § 9545(b)(1)(ii) requires there be some relationship between the two." *Id*.

Appellant's alleged newly-discovered fact, the June 2017 retraction of Keith/Kevin Martha, cannot support the timeliness of his November 2016

PCRA petition because it is unrelated to the claims raised in the PCRA petition. Appellant alleged in his November petition that counsel was ineffective relative to the negotiated guilty plea because he failed to explain the elements of the offenses to which he was pleading guilty. Appellant also challenged the legality of his sentence and maintained that he was eligible for additional credit for time served. The alleged newly-discovered fact, *i.e.*, that Keith/Kevin Martha retracted his statement implicating Appellant, is unrelated to any of these claims. ***See Shannon***, ***supra***.

For the foregoing reasons, we affirm the PCRA court's determination that Appellant's November 2016 PCRA petition was untimely. Since we lack jurisdiction, we do not reach the merits of Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/18